JOHN M. KERR, ESQUIRE
PA I.D. No.: 26414
JOHN KERR LAW, P.C.
5010 RITTER ROAD
SUITE 109
MECHANICSBURG, PA 17055
Telephone: (717) 766-4008
Facsimile: (717) 766-4066
john@johnkerrlawpc.com


FILED
HARRISBURG, PA
SEP 05 2017

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMIE E. LANE, | : |
|    Plaintiff | : |
| | : CIVIL ACTION – AT LAW |
| | : |
| | : NO. 1:17-CV-1576 |
| v. | : |
| | : |
| EXEL, INC, d/b/a EXEL LOGISTICS, | : JURY TRIAL DEMANDED |
| n/k/a DHL, Inc., | : |
|    Defendant | : |

### COMPLAINT

### PARTIES

1. Plaintiff is Sammie E. Lane (hereinafter, "Lane"), an adult individual residing at 4051 Rawleigh Street, Harrisburg, Dauphin County, Pennsylvania 17109.

2. Defendant is Excel, Inc., t/d/b/a Excel Logistics, now known as DHL, Inc. or DHL Supply Chain (hereinafter, "DHL"), located at 570 Polaris Parkway, Westerville, OH 43082. According to information



Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

furnished during the administrative process, DHS is the leading supply chain logistics provider in the Americas. It provides supply chain design, consulting, warehousing, fulfillment and transportation services to companies throughout the country. It's Mechanicsburg, Pennsylvania facility includes a warehouse shipping environment and utilizes forklifts and other power equipment to move and stock products.

## JURISDICTION AND VENUE

3. Federal jurisdiction is predicated upon 28 U.S.C. §1331, involving the existence of a federal question and upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e-2, et. seq., as well as the Americans With Disabilities Act, 42 U.S.C. §12112(b)(5)(A) & (B), et seq.

4. The Plaintiff has exhausted administrative remedies, and a Right To Sue Letter has been issued by the Equal Employment Opportunity Commission, EEOC No. 17F201660197, mailed on May 31, 2017 and received by undersigned counsel on Monday, June 5, 2017 (see, copy of Right-To-Sue Letter, appended to this Complaint).

5. Venue is proper in the Middle District of Pennsylvania since the events giving rise to the cause of action occurred in Cumberland County and the Plaintiff resides in Dauphin County.

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

## BACKGROUND FACTS

6. Plaintiff Sammie E. Lane was employed by Defendant DHS on or about June 22, 2015 as a forklift operator on second shift, Monday – Friday. Plaintiff worked approximately fifty (50) hours per week. Lane is African-American. The position came with some lifting.

7. From the beginning of Lane's employment, the DHL workplace located at 101 Commerce Drive, Mechanicsburg, Pennsylvania 17050, where Lane worked, was imbued with racial animus.

8. Thus, at a pre-shift safety meeting in July, 2015, Ray McGowan, Operations Supervisor, commented, " I never saw blacks until I got into this job." At the time, there were two African-Americans out of the eight workers at that location. The other such worker was Chris McClaine. It is believed that this individual later had his employment terminated.

9. In addition, McGowan told Lane that if he signed a booklet (policies & procedures), he [McGowan] "would own his ass," further stating, "I can work you as long as I want and there is nothing you can do about it." He added, "I'll back ball your ass where you will not be able to find another job."

10. Lane was told to work by himself when, in fact, it was understood that he would have help.

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
Phone: 717.766.4008
Fax: 717.766.4066

11. On August 10, 2015, Lane suffered a serious workplace injury lifting office furniture when he suffered bulging disks in his lower back because he was not provided with the required help in lifting and pulling an 80 lb. box. He was in searing pain in his lower back and was barely able to make it home that day. It would later be determined that he suffered two blown out disks with one leaking and laying on the spine.

12. The following day, on August 11, 2015, Lane reported the injury to Scott Foulds, the General Manager. Ultimately, Lane went on workmen's compensation.

13. Ray McGowan, Operations Supervisor, refused to take an injury report. He told Lane, " [i]f you don't want to work, just quit. The lead is ready to fire you anyhow." At this time, Lane was making approximately $30,000.00 annually.

14. Lane was told by DHL servants, including McGowan and Foulds, as well as Matt Richbourn, that there were no accommodations available ("no light duty") and, further, that his injury was just a sprain or "light injuries". They clearly wanted him to voluntarily terminate his employment. Indeed, Foulds would not permit Lane to take his prescribed medications [generic Vicodin and a muscle relaxator] and insisted that he take aspirin only.

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
Phone: 717.766.4008
Fax: 717.766.4066

15. After filing for workmen's compensation, Lane was sent to Work Net on the Carlisle Pike in Camp Hill/Mechanicsburg, Pennsylvania. The physician at Work Net determined that Lane should have light duty. Land reported this to Scott Foulds on or about August 16, 2015.

16. Indeed, Lane was relegated to returning to the Work Net physician when no light duty was offered by the employer.

17. In fact, the back injury was severe enough that he required back surgery on May 24, 2016 at the Laser Spine Institute in Philadelphia. Lane's injuries (bulging disks in the lower back) were first diagnosed by Dr. Ed S. Violago. MD, FAAPMR at Penn Rehabilitation Associates on the Linglestown Road in Harrisburg.

18. Claiming that there was no light duty available, DHL, acting through its servants and agents, including Foulds, insisted that he walk the length of the warehouse, scanning loads. Thus, he was to work with someone who would take loads off trucks, then scan them. Some of the stickers to be scanned were very high, which he could not reach. In addition, the machines used to scan the loads were extraordinarily heavy.

19. Lane made clear to management that he was looking for a desk job and that the Work Net physician expected him to be assigned to light duty.

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

20. Ultimately, DHL terminated Lane while he was on workmen's compensation. The pretext for his termination was that he had not called off or shown for work on various dates in mid-to late August, 2015, including August 26-28, 2015. Notwithstanding his physical condition and known disability, Foulds placed him on constructive notice that he was expected to be at work. The employer failed to exercise good faith in initiating the required interactive process. The purported reason for termination was a pretext for what was, in reality, a desire to remove him from the workforce for, among other reasons, because he was African-American.

21. In accordance with Rule 38(b)(1) of the Federal Rules of Civil Procedure, Plaintiff, Sammie E. Lane, demands a jury trial as to all matters at issue.

## COUNT I – LANE v. DHS
(Disability Discrimination)

22. Paragraphs 1-21 of the Complaint are incorporated by reference, as if fully set forth in their entirety.

23. Plaintiff Sammie E. Lane was a disabled person under the Americans With Disabilities Act ("ADA") as to the essential life function of employment. He was otherwise qualified to perform the essential functions of the job with or without a reasonable

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

accommodation. Moreover, he has suffered an adverse employment decision (termination of employment) as a result of discrimination.

24. Defendant, DHS failed to engage the interactive process with Lane in good faith. The position Lane was relegated to was not the required light duty mandated by physicians who examined the Plaintiff.

25. The employer, DHS, failed to make a reasonable accommodation to the known physical limitations of Lane.

WHEREFORE, it is requested that judgment be entered in favor of Plaintiff Sammie E. Lane and against Defendant DHS, as to Count I of the Complaint.

### COUNT II – LANE V. DHS
(Racial Discrimination)

26. Paragraphs 1-25 of the Complaint are incorporated by reference, as if fully set forth in their entirety.

27. The DHS facility in Mechanicsburg, Pennsylvania was imbued with racial animus as detailed at paragraphs 7-9 and 13 above.

28. Plaintiff Sammie E. Lane was targeted for removal from the work place because he was African-American.

29. Title VII of the Civil Rights Act of 1964, as amended (hereinafter, "Title VII") prohibits employment discrimination on the

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

basis of "race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a).

30. Plaintiff Lane was a member of a protected class (African-American, i.e., "race"); he was qualified for the position (warehouse worker) and performed it satisfactorily; despite his qualifications and performance, he was terminated from his position ("adverse employment action"); and he was replaced by someone from a non-protected group.

31. The Defendant's purported justification based upon its attendance policy was mere pretext for engaging in disability and racial discrimination. DHS was aware that Plaintiff was on workmen's compensation and had to take medications which made him too drowsy to work. They took their action because he was a member of a protected group.

WHEREFORE, it is requested that judgment be entered in favor of Plaintiff and against Defendant as to Count II of the Complaint.

Respectfully submitted,

JOHN KERR LAW, PC

September 5, 2017

*John M. Kerr*

John M. Kerr, Esquire

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
Phone: 717.766.4008
Fax: 717.766.4066

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Sammie E. Lane
PO Box 61834
Harrisburg, PA 17106

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2016-60197 | Legal Unit | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
District Director

May 31, 2017
(Date Mailed)

cc: **EXEL INC. DBA EXEL LOGISTICS**

John M. Kerr
John Kerr Law, P.C.
5010 Ritter Road, Ste.109
Mechanicsburg, PA 17055

Vanessa L. Roig, Esq.
DHL Supply Chain
570 Polaris Parkway
Westerville, OH 43082