# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMMIE E. LANE,** | : | CIVIL ACTION NO. 1:17-CV-1576 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **EXEL, INC, d/b/a EXEL LOGISTICS, n/k/a DHL, INC.,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Sammie E. Lane ("Lane") commenced this action against his employer, defendant DHL, Inc. ("DHL"), pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(5)(A) & (B), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, *et seq*. (See Doc. 1). Before the court is a partial motion to dismiss (Doc. 5) filed by DHL. The court will grant DHL's motion.

## I. Factual Background & Procedural History

In June 2015, DHL hired Lane, an African American, as a forklift operator. (Doc. 1 ¶ 6). Lane avers that, from the beginning of his employment, the work environment was "imbued with racial animus." (See id. ¶¶ 7-8). Less than two months after he was hired, Lane injured his back at work. (Id. ¶ 11). Lane reported the injury to his supervisor and requested "light duty" work multiple times, but contends that DHL refused to accommodate him. (Id. ¶¶ 12, 14-16, 18-19). DHL terminated Lane shortly thereafter. (See id. ¶ 20).

On November 19, 2015, Lane filed an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC") which was dual-filled with the Equal Employment Opportunity Commission ("EEOC").[1] (Doc. 6-1 ¶ 43). Therein, Lane alleged disability discrimination based on DHL's failure to provide reasonable accommodations after his back injury as well as retaliation because DHL terminated him one day after he requested a reasonable accommodation. (Doc. 6-1). The EEOC issued a right-to-sue letter on May 31, 2017. (Doc. 1 at 9).

Lane commenced the instant action on September 5, 2017. (Doc. 1). Lane asserts two claims against DHL: violation of the ADA for failure to provide a reasonable accommodation after he injured his back (Count I) and violation of Title VII for terminating him on the basis of race (Count II). (Id. ¶¶ 22-31). DHL filed a partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). DHL contends that Lane failed to exhaust his administrative remedies as to his Title VII claim because he did not allege racial discrimination in his PHRC complaint. (Id. at 1; see also Doc. 6 at 5-7). Lane failed to file a timely response to DHL's 12(b)(6) motion and the court directed him to do so twice. (See Docs. 9, 10). The court cautioned Lane that failure to comply with this directive would result in the court deeming DHL's motion to be unopposed. (Id.) Despite this admonition, Lane has yet to file a response. Consequently, the court will rule on DHL's

---

[1] The PHRC and the EEOC are in a workshare agreement where a claimant can satisfy both agencies' requirements by filing a charge with one agency and instructing the agency to dual file with the other. See Evans v. Gordon Food Servs., No. 14-CV-01242, 2015 WL 4566817, at *3 (M.D. Pa. July 29, 2015); see also 42 U.S.C. § 2000e-5(e)(1).

unopposed motion to dismiss. See LOCAL RULE OF COURT 7.6; see also Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203,

3

210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In addition to reviewing the facts contained in the complaint, the court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Our sister courts in the Western District and the Eastern District of Pennsylvania have held that "an EEOC charge of discrimination and the related documents . . . are public records which may thus be considered without converting the motion to dismiss into a motion for summary judgment." Elchik v. Akustica, Inc., No. 12-578, 2013 WL 1405215, at *4 (W.D. Pa. Mar. 6, 2013); see also Hercik v. Rodale, Inc., No. 03-CV-6667, 2004 WL 1175734, at *1 (E.D. Pa. May 27, 2004).

### III. Discussion

Under Title VII, a plaintiff seeking redress for alleged discrimination must exhaust all administrative remedies before seeking relief in federal court. See 42 U.S.C. § 2000e-5(c); see also Watson v. Eastman Kodak Co., 235 F.3d 852, 854 (3d Cir. 2000). A complainant must file a charge of discrimination within 180 days after an

4

allegedly unlawful employment practice occurs. 42 U.S.C. § 2000e-5(e)(1). If the EEOC fails to resolve the matter within 180 days after investigating the charges, the EEOC notifies the complainant with a right-to-sue letter. Burgh v. Borough Council, 251 F.3d 465, 469-70 (3d Cir. 2001) (citing Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)). Receipt of a right-to-sue letter is a prerequisite to filing a private action. Id. (citations omitted).

A plaintiff generally must exhaust administrative remedies with respect to each of his claims, but a court may assume jurisdiction over claims not technically exhausted if they are reasonably within the scope of the complainant's administrative claims and would be encompassed by the agency's investigation. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984). In order for a court to make this assumption, there must be a "close nexus" between the facts alleged in the administrative complaint and any newly-raised claim. Hicks v. ABT Assocs., Inc., 572 F.2d 960, 967 (3d Cir. 1978); see also Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996). The relevant test is whether the alleged acts in the federal lawsuit are fairly encompassed within the scope of the prior agency charge and related investigation. Antol, 82 F.3d at 1295 (quoting Waiters, 729 F.2d at 237). In determining whether a claim is contemplated in an underlying charge, courts liberally interpret the administrative filing. Anjelino v. N.Y. Times Co., 200 F.3d 73, 94 (3d Cir. 1999) (quoting Hicks, 572 F.2d at 965).

DHL contends that Lane failed to exhaust his administrative remedies as to his Title VII claim for racial discrimination (Count II). (Doc. 6 at 5-7). The court agrees. Lane's racial discrimination claim falls outside the scope of even the most deferential interpretation of his administrative complaint. All three counts in Lane's administrative complaint focus exclusively on his disability, his employer's failure to provide him a reasonable accommodation, and his resulting termination. (See Doc. 6-1 ¶¶ 7-42). The administrative complaint does not contain any *indicia* of facts connected to racially motivated comments from Lane's employers or any other language that could be construed as racial discrimination. (See id.) Lane's administrative complaint consistently references his protected class as "disability" only, specifically "shoulder and back impairment." (See id. ¶¶ 8, 20). Indeed, racial discrimination is not mentioned until the filing of Lane's complaint with this court. (Doc. 1 ¶¶ 7-8). Lane's racial discrimination claim is not "fairly within the scope" of his administrative complaint or any investigation arising therefrom. See Antol, 82 F.3d at 1295. Therefore, the court will dismiss Lane's Title VII claim (Count II).

**IV.    Conclusion**

The court will grant DHL's motion (Doc. 5) to dismiss Count II.  Leave to amend will be denied as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  An appropriate order shall issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    March 12, 2018